**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES L. PATTERSON, SR.**                                                              **PETITIONER**

**VS.**                          **CASE NO.: 4:15CV00665 BSM/BD**

**STATE OF ARKANSAS**                                                                      **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller.  Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**     **Jurisdiction**

Petitioner Charles L. Patterson, an inmate currently housed at the Federal Correctional Institution in Tucson, Arizona, filed a pro se petition for writ of habeas

corpus under 28 U.S.C. § 2254.[1]  In this petition, Mr. Patterson attacks his 1993 convictions for aggravated robbery, burglary, and two counts of theft of property in the Circuit Court of Independence County,[2] Arkansas.  (Docket entry #1 at p. 1) Mr. Patterson was sentenced to life in prison for aggravated robbery, twenty years' imprisonment for burglary and fifteen years' imprisonment for theft of property, with the sentences to run consecutive to each other and to sentences he had already received on other state and federal convictions.  Mr. Patterson appealed his convictions to the Arkansas Supreme Court, which affirmed.  *Patterson v. State*, 318 Ark. 358 (1994).

In November, 1995, Mr. Patterson filed a federal habeas petition under 28 U.S.C. § 2254 challenging his 1993 state-court convictions.  *Patterson v. Norris*, PB-C-95-631, (petition filed November 9, 1995).  In the petition, Mr. Patterson complained that the state violated his due process rights by waiting twelve months to file a detainer and fourteen months to notify him of the charges against him; the state violated his rights under the Interstate Agreement on Detainers Act; and the state violated his sixth amendment right to a speedy trial.  *Id.* at docket entry #1.  The district court denied his petition.  *Id.* at docket entries #4 and #8.  Mr. Patterson appealed.  The Court of Appeals for the Eighth Circuit

---

[1] Mr. Patterson brought his petition under 28 U.S.C. § 2241 (#1 at p. 1), however, because he is challenging his future custody under a state-court judgment, the Court will consider his petition under 28 U.S.C. § 2254(a)(2).

[2] Mr. Patterson's trial on the Independence County charges was held in Fulton County after his counsel successfully argued for a change of venue.

considered the merits of Mr. Patterson's claims and affirmed. *Patterson v. Norris*, 108 F.3d 1382 (8th Cir. 1997).

Mr. Patterson recently petitioned the Eighth Circuit for authorization to file a successive habeas petition related to his 1993 convictions, but the Court denied his petition. (#1 at p. 8) *Patterson v. Arkansas*, No. 15-2167, (8th Cir. July 29, 2015).

Mr. Patterson has now filed a second petition with this Court challenging his 1993 convictions. In the petition, Mr. Patterson claims Arkansas procedural rules prevented him from testifying in his own defense; his state trial proceedings violated his fourteenth amendment rights and violated *Batson*; the state violated the speedy trial act; and prosecutorial misconduct resulting in a miscarriage of justice. (#1 at pp. 4-7)

The Court lacks jurisdiction to hear Mr. Patterson's petition. As noted, Mr. Patterson has already challenged his convictions through a federal habeas petition. Before filing a second or successive habeas corpus petition in federal court, a petitioner must seek and receive an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Authorization is required even where the petitioner claims actual innocence. 28 U.S.C.

§ 2244(b)(2)(B)(i)-(ii). Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[3]

Summary dismissal of a habeas corpus petition – prior to any answer or other pleading being filed by the respondent – is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003). The pending petition is clearly successive because Mr. Patterson has filed a prior petition challenging the same state convictions.

## IV. Conclusion

The Court recommends that Judge Miller DENY and DISMISS Charles L. Patterson, Sr.'s petition for writ of habeas corpus (#1), without prejudice, for lack of jurisdiction. The Court further recommends that Judge Miller deny a certificate of appealability.

DATED this 9th day of November 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. § 2244(b)(2).